**STATE of Missouri, Plaintiff–Respondent,**

v.

**James Edward WHITE III, Defendant–Appellant.**

**No. SD 30174.**

Missouri Court of Appeals, Southern District, Division Two.

Dec. 29, 2010.

Matthew Ward, Columbia, for Appellant.

Chris Koster, Atty. General, John M. Reeves, for Respondent.

NANCY STEFFEN RAHMEYER, Presiding Judge.

James Edward White III ("Appellant") was convicted by a jury of voluntary manslaughter for the 2006 shooting death of his wife. He claims the trial court erred in allowing evidence of a prior altercation with his wife where he pointed a gun at her. We find no error and affirm the conviction.

Ms. White was shot in the early evening of November 26, 2006. Appellant called 911 and told the dispatcher that a gun had gone off and his wife had been shot in the head. Ms. White was lying on the ground

in the laundry room while Appellant was next to her attempting to give her "rescue breathing." A double-barrel shotgun was lying on top of the washer and dryer with a shell in each barrel. The one in the left barrel had been used. Ms. White died from the gunshot wound, which had been fired from a close distance. The officers investigating her death noted that Ms. White's car was parked outside the house with the engine running and the parties' son sitting in the back seat. Her purse was in the car along with an envelope containing an engagement ring and a wedding band.

Appellant spontaneously stated: "I killed my wife." He wrote a statement in which he claimed that earlier in the day he had gone to Eagles, a bar, and had arrived home a little before 4:00 p.m. He claimed that he and Ms. White started arguing over money for Christmas; he left and drove around the block and then came back to his house at least two different times. When he got home the second time, he claimed Ms. White drove around the block and came back. Appellant claimed he took their child out to the car in the driveway and was coming back into the house from the garage when Ms. White came at him with a shotgun, he grabbed the barrel, and "it went off."

Ms. White's coworker testified that there had been an incident at work when Appellant drove up to the company parking lot where Ms. White was waiting. He got out of the car and started yelling at Ms. White, then opened the passenger door to his car and pushed her into the passenger seat. Another incident occurred in November 2006, when Appellant pulled into the parking lot after driving very fast. He exited his car, opened the passenger door and started yelling at Ms. White who was sitting in the passenger seat. Ms. White had thrown up in the car

and Appellant exclaimed, "You made me fu-ing late for work, and now I have to clean this shit up off the carpet." He then grabbed Ms. White by her right arm and "yanked her out of the car so hard that she literally did a 180 . . . ." Ms. White had a hand print on her arm for the rest of the day.

■ Appellant argues that an event which occurred four years prior to the shooting that is the subject of this appeal is evidence of an uncharged prior bad act, is not relevant on the issue of whether Ms. White was accidentally shot by a shotgun, and even if probative, is greatly outweighed by the prejudice caused in confusing and misleading the jury. We review the court's admission of the evidence for an abuse of discretion. *State v. Taylor*, 298 S.W.3d 482, 491–92 (Mo. banc 2009). A trial court abuses its discretion when its ruling is clearly against the logic of the circumstances before the court and is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration. *State v. Blakey*, 203 S.W.3d 806, 811 (Mo.App. S.D.2006). Furthermore, reversal is appropriate only if the error was so prejudicial that it deprived the defendant of a fair trial. *State v. Middleton*, 995 S.W.2d 443, 452 (Mo. banc 1999).

A witness was allowed to testify that in April of 2002, Appellant and his wife, with some family friends, went to a speedway in Alabama to watch a NASCAR race. When Appellant left with two other friends to ride around the park, his wife stayed behind. Upon his return, he and Ms. White argued, Appellant choked her over their car, pulled out a pistol and pointed it at her. The witness was able to talk Appellant into giving her the gun. It is this incident that was testified to at trial and of which Appellant complains.

The Missouri Constitution provides a criminal defendant with the right to be tried only for the offense charged. Mo. Const. art. I, sections 17 and 18(a); *State v. Pennington,* 24 S.W.3d 185, 189 (Mo.App. W.D.2000). "Evidence of prior bad acts is not admissible for the purpose of showing the propensity of the defendant to commit the charged crimes." *State v. Tolliver,* 101 S.W.3d 313, 315 (Mo.App. E.D.2003). "Evidence of prior bad acts may be admissible, however, if it is logically relevant in that it has some tendency to establish directly the defendant's guilt of the charged crimes and if its probative value outweighs its prejudicial effect." *Id.* The evidence is only admissible in cases of murder or assault if "prior misconduct by the defendant toward the victim is logically relevant to show motive, intent, or absence of mistake or accident. Such evidence is only admissible for those purposes, however, if the defendant puts motive, intent, mistake or accident at issue in the case." *Id.*

Remoteness in time of a prior bad act is ordinarily a factor that goes to the weight of the evidence, not its admissibility. *State v. Danikas,* 11 S.W.3d 782, 790 (Mo.App. W.D.1999). In a murder case, all that is necessary is that the defendant place his intent into issue, or claim that the victim's death was the result of an accident for evidence of prior misconduct toward the victim to be logically relevant; for the evidence to be admissible, its probative value must also outweigh its prejudicial effect. *Tolliver,* 101 S.W.3d at 315.

The test for reversal is not whether we would have ruled the evidence was more prejudicial than probative, and thus not legally relevant; the test is whether the trial court abused its discretion in ruling the evidence was legally relevant to the prejudice of the defendant. *See Middleton,* 995 S.W.2d at 452 (discussing abuse of discretion standard applied to the admission of evidence). On the record before us, we cannot say the trial court's ruling, which allowed into evidence a specific act of Appellant's misconduct directed toward the victim, was so arbitrary and unreasonable as to shock our sense of justice and indicate a lack of careful consideration in light of the fact that Appellant's defense was that the shooting, which killed the victim, was an accident. Evidence of the 2002 incident was highly probative of whether the shooting was an accident, as Appellant claims, or intentional, as the State claims.

Appellant's defense in this case was that the shooting was an accident. In view of the testimony of the coworker concerning Appellant's very recent violence against his wife, we find that the highly probative value of the testimony concerning the 2002 event outweighed its prejudicial effect. The jury also had the evidence of the victim's car running with the child in the driveway, Appellant's own statement that the parties had quarreled just prior to the shooting, and that Ms. White had removed her engagement ring and her wedding ring. It was for the jury to determine whether Appellant shot his wife while trying to take the gun from her or in some other manner.

The trial court did not abuse its discretion in allowing the evidence of the 2002 incident. The judgment is affirmed.

BATES and FRANCIS, JJ., concur.